[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12943
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2011
JOHN LEY
CLERK

D. C. Docket No. 1:09-cv-21538-PCH

GLENN J. WEBBER,
individually and on behalf of all others similarly situated,

Plaintiff-Appellant,

versus

ESQUIRE DEPOSITION SERVICES, LLC,
a Hobart West Company,
a.k.a. Esquire, an Alexander Gallo Company,
ALEXANDER GALLO COMPANY,

Defendant-Appellee.

_____

No. 10-12944
_____

D. C. Docket No. 1:09-cv-21539-PCH

PUBLIC CONCEPTS, LLC,
individually and on behalf of all others similarly situated,

Plaintiff-Appellant,

versus

VERITEXT CORP.,
d.b.a Veritext Florida Court Reporting Company,

Defendant-Appellee.

_____

No. 10-12998
_____

D. C. Docket No. 1:09-cv-21537-PCH

DR. CHARLES J. ADELSON,
individually and on behalf of all others similarly situated,
JACQUELYN LAUZERIQUE,
individually and on behalf of all others similarly situated,

Plaintiffs-Appellants,

versus

U.S. LEGAL SUPPORT, INC.,
KLEIN, BURY, REIF, APPLEBAUM & ASSOCIATES, INC,
d.b.a. U.S. Legal Support,

Defendants-Appellees.

2

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(August 31, 2011)

Before TJOFLAT and MARTIN, Circuit Judges, and DAWSON,[*] District Judge.

PER CURIAM:

In this consolidated case, Glenn Webber, Public Concepts, LLC, Charles Adelson and Jacquelyn Lauzerique ("Appellants") appeal the district court's denial of their requests for class certification under Federal Rule of Civil Procedure 23(b)(3). Appellants filed separate suits in the district court against several court-reporting firms alleging that their billing practices violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, and unjustly enriched the firms. After having had the benefit of oral argument and after thorough review of the parties' briefs, we affirm.

We review a district court's class certification order only for abuse of discretion. See Fitzpatrick v. Gen. Mills, Inc., 635 F.3d 1279, 1282 (11th Cir.

_____

[*] Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

2011). "[A]n abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or makes findings of fact that are clearly erroneous." Birmingham Steel Corp. v. TVA, 353 F.3d 1331, 1335 (11th Cir. 2003) (quotation marks and alterations omitted). "It is irrelevant whether this Court would have granted [class] certification." Babineau v. Fed. Express Corp., 576 F.3d 1183, 1189 (11th Cir. 2009). "As long as the district court's reasoning stays within the parameters of Rule 23's requirement for certification of a class, the district court decision will not be disturbed." Fitzpatrick, 653 F.3d at 1282 (quotation marks omitted).

Rule 23(b)(3) requires that common questions of law and fact predominate over issues affecting only individual members. Rule 23(b)(3) also requires that a class action is superior to other available methods for adjudicating the controversy. See Fed. R. Civ. P. 23(b)(3).

The district court did not abuse its discretion in denying Appellants' motions for class certification. The district court discussed the difficulties associated with identifying class members who fit Appellants' proposed class definition. In analyzing whether common questions of fact and law predominate, the district court correctly noted that FDUTPA does not require individualized proof of subjective reliance. See Fitzpatrick, 635 F.3d at 1283 (explaining that a

4

plaintiff asserting a FDUTPA claim "need not show actual reliance on the representation or omission at issue"). The court highlighted, however, how differences in the circumstances under which putative class members purchased transcripts from the court-reporting firms create many individualized factual and legal issues with respect to the FDUTPA claim. Further, this Court has noted that "common questions will rarely, if ever, predominate" in an unjust enrichment claim. See Vega v. T-Mobile, Inc., 564 F.3d 1256, 1274 (11th Cir. 2009). In light of the individualized questions of fact and law and manageability concerns, the district court did not abuse its discretion in denying class certification.

AFFIRMED.